### David Hart v. Howell Smith et al.

Sheriff — Execution — Levy on Right of Redemption — Deed Equitable Title Until Lodged for Record — Consent of Debtor.

A sheriff is not bound to levy on the right of redemption where there was no evidence of legal title, and where the execution debtor would not surrender the property for that purpose.

Deeds are not equitable titles until lodged in the proper office for record, and an execution cannot be levied on such title without the consent of the debtor.

APPEAL FROM HENDERSON CIRCUIT COURT.

October 9, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The appellees and assignees of the appellant have sufficiently explained the delay in issuing execution upon the judgment against the obligor in the note assigned. This delay, under the circumstances, was not of a character to release the assignor from his

implied obligation to refund the consideration for the assignment should the obligor prove insolvent.

Nor can the delay of·three or four days, under the circumstances, after its issual before it came to the sheriff's hands have such an effect. The real estate held by the execution debtor seems to have been by unrecorded deeds. He surrendered this property to the sheriff in satisfaction of execution in his hand previous to the judgment of appellees against him, and these executions seem to have been levied on his property. The sheriff was not bound to levy on the right of redemption to lots and land when there was no evidence of the legal title only in possession of the defendant, and when he would not surrender the property for the purposes of levy.

The deeds by which the execution debtor held his title were of several years antedated to the execution and had never been recorded or lodged for record in the proper office, consequently were equitable titles until lodged for record.

Such titles are not leviable without the consent of the holder. None of the executions issued on judgments rendered at the same term of this judgment against the defendant in this execution seem to have been made, and the fact that fifteen executions were returned by the officer at the same time, no property found, strongly indicates a total insolvency of the debtor.

The judgment is affirmed.